IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20798-CR-COOKE

UNITED STATES OF AMERICA,

       Plaintiff,

VS.

CARLOS ANTONIO ORTEGA BONILLA,

       Defendant.
_____/

## EMERGENCY MOTION TO STAY EXTRADITION OF CARLOS ORTEGA BONILLA PENDING RESOLUTION OF THE DEFENDANT'S MOTION TO COMPEL

    Carlos Antonio Ortega Bonilla, through counsel, hereby files this Motion to Stay Extradition Pending Resolution of the Defendant's Motion to Compel, and in support thereof states:

    1.    On June 7, 2011, Mr. Ortega Bonilla was charged by a Superseding Indictment in the Southern District of Florida (DE:8).  On August 18, 2011, the United States sought the provisional arrest of Mr. Ortega Bonilla based upon said Indictment.  And, on September 1, 2011, Mr. Ortega Bonilla was arrested by the Colombian National Police and has remained in custody since that date. His extradition is currently pending before the Colombian Government.

    2.    On April 4, 2012, the Defendant filed a Motion to Compel Production of Limited Discovery or, in the Alternative, an *In Camera* Review of the Evidence Relied Upon in the Government's Affidavit in Support of Mr. Ortega Bonilla's Extradition (DE:99).   In that Motion, Mr. Ortega Bonilla asked the Court to evaluate the exculpatory evidence as presented in Mr. Kacerosky's sealed affidavit and compel the Government to provide a copy of the audio recordings

so that Mr. Ortega Bonilla can challenge his extradition and prove his innocence. In the alternative, Mr. Ortega Bonilla asked the Court to engage in an *In Camera* review of the evidence relied upon in the Government's affidavit in support of Mr. Ortega Bonilla's extradition.

  3. The Court's review of the Motion to Compel is of the utmost importance to the Defendant, as the defense wholeheartedly believes that these tapes will exculpate Mr. Ortega Bonilla; they are the key to determining whether Mr. Ortega Bonilla has been misidentified by the Government or wrongly accused of knowingly participating in a conspiracy to import cocaine into the United States. Moreover, if Mr. Ortega Bonilla is extradited before his counsel or this Court has the opportunity to review this evidence, Mr. Ortega Bonilla will suffer irreparable harm: not only will a possibly innocent man be ripped from his country, with his reputation ruined, and the reputations and therefore jobs of his children lost, but if the tapes do exculpate him, there will be irreparable harm to the United States Government who extradited an innocent man despite the defendant's varied requests to listen to these tapes so he could prove his innocence to the Colombian court. Mr. Ortega Bonilla therefore asks this Court to enter a stay pending resolution of the Motion to Compel.

  4. The Court has the power to grant this Motion and issue a Stay of Extradition. In *Lindstrom v. Graber*, 203 F.3d 470 (7th Cir. 2000), the defendant filed a motion for emergency stay of extradition pending the appellate court's decision on the district court's denial of the defendant's petition for habeas corpus. *Id.* at 474. The Seventh Circuit granted the Motion and found that it was within the court's power to issue a stay of extradition under Fed.R.App. P. 8 and the All Writs Act, 28 U.S.C. § 1651. *Id.* at 474. The All Writs Act provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Thus, as in *Lindstrom*, this court has the power under the All Writs Act to issue a stay of extradition pending the resolution of the pending motion.

5. Here, even though the conduct at issue took place in Colombia, the court has jurisdiction over the defendant based on the "protective principle" of international law, which permits a nation to assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security or could potentially interfere with the operation of government functions. *United States v. Gonzalez*, 766 F.2d 931 (11th Cir. 1985); *United States v. Benitez*, 741 F.2d 1312 (11th Cir. 1984). And it was under this protective principle that the United States Government was able bring an Indictment against this Defendant.

6. As this Indictment was brought before this Court, the Court has jurisdiction over the subject matter charged by the Indictment. *McCoy v. United States*, 266 F.3d 1245, 1252 (11th Cir.2001) ("An indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case. . . ."). In *United States v. Cainion*, 2011 WL 1322778, at *1 (M.D. Fla 2011), the court held that an indictment charging a federal violation in of itself gave the court subject matter jurisdiction: "it is axiomatic that this Court has subject matter jurisdiction because the indictment charges Cainion with violation of federal law." The court further noted, "Subject matter " jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231[1] . . . . That's the beginning and the end of the jurisdictional inquiry." *Id.* (citing *McCoy v. United*

---

[1] 18 U.S.C. § 3231 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

*States*, 266 F.3d at 1252). Thus, this Court has jurisdiction over this case and can therefore issue a stay of extradition under the All Writs Act.

7. Finally, the Court should enter a Stay of Extradition, as the defendant meets all the criteria necessary for a stay. In *Noriega v. Pastrana*, 2008 WL 331394 (S.D. Fla. 2008), another case where the court entered a stay of extradition, the court explained that a court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Id.* at *2 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).

8. First, Mr. Ortega Bonilla has established that he has a strong need to review these tapes – they are the key to establishing his innocence – and therefore a substantial likelihood of success on the merits. Second, as explained above, the applicant will be irreparably injured absent a stay as a wrongful extradition will harm his and his family reputations beyond repair. Third, it is actually in the Government's best interest for this Court to impose a stay: there will be no harm to the Government in waiting to extradite the Defendant until this issue has been resolved, but the Government will be irreparably harmed if an innocent man is wrongfully extradited after the Government was put on notice as to the possibility of his innocence. Finally, it is clearly in the public interest to prevent an innocent man from being extradited to the United States when there is a simple means to verify whether the Government has misidentified Mr. Ortega Bonilla as a drug trafficker.

9. Mr. Ortega Bonilla therefore asks this Court to stay his extradition pending the Court's review and decision as to the Defendant's Motion to Compel.

Respectfully submitted,

/s/ Marc David Seitles
_____
Marc David Seitles
Fla. Bar No. 0178284

Penthouse One
40 N.W. Third Street
Miami, Florida 33128
Telephone No. (305) 403-8070
Facsimile No. (305) 403-8210
Email: mseitles@seitleslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2012, undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF which will serve Assistant United States Attorney Andrea Hoffman.

/s/ Marc David Seitles
_____
Marc David Seitles, Esq