THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20798-CR-COOKE

UNITED STATES OF AMERICA

        Plaintiff,

VS.

CARLOS ANTONIO ORTEGA BONILLA,

        Defendants.
_____/

**MOTION TO COMPEL *BRADY* INFORMATION
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Carlos Antonio Ortega Bonilla, through undersigned counsel, moves this Honorable Court, pursuant to the Standing Discovery Order, Local Rule 88.10 and the Due Process Clause of the Fifth Amendment, *Brady v. Maryland*, 373 U.S. 83 (1963), files this Motion to Compel the Government to provide him now, rather than at some undetermined future date, with Brady material regarding Carlos Ortega Bonilla and states as follows.

1.    On June 29, 2012, Magistrate Judge Alicia M. Otazo-Reyes entered the Standing Discovery Order ("SDO"). DE:169. Among other things, the SDO provided that the government "shall" provide Mr. Ortega Bonilla with "all the information and material known to the government which may be favorable to the defendant" within 14 days. Id. at 2 ¶¶ (C) and (D) (citations omitted); *see also* Local Rule 88.10.

2.    The Government has informed defense counsel via email that a response is forthcoming, but to date the Government has not responded to the SDO and no *Brady* information

has been turned over to the defense.

    3.    The Government must provide a defendant with all material in its possession materially favorable to the defense. *Brady*, 373 U.S. at 87. This includes information relevant or useful to establishing a defense or negating the Governments proof, whether viewed independently or in light of other evidence or information known to the Government. *See* Formal Opinion 09-454, American Bar Association Standing Committee on Ethics and Professional Responsibility, "Prosecutor's Duty to Disclose Evidence and Information Favorable to the Defense" at 5 (July 8, 2009). "The meaning of the term 'favorable' under *Brady* is not difficult to discern. It is any information in the possession of the government . . . that relates to guilt or punishment and that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses." *United States v. Safavian,* 232 F.R.D. 12, 16-17 (D.D.C. 2005). To fulfill its *Brady* obligation, the Government must disclose both exculpatory and impeachment evidence. *Mize v. Hall,* 532 F.3d 1184, 1193 (11th Cir. 2008). Under *Brady,* the Governments withholding of evidence favorable to the accused violates due process where the evidence is material either to guilt or innocence or to punishment, regardless of the good faith or bad faith of the prosecution. *Brady,* 373 U.S. at 87.

    4.    Mr. Ortega Bonilla therefore urges the Court to require Government counsel to disclose any information in possession of the Government, its agents, or the Colombian National Police including, but not limited to, favorable audio recordings, witness interviews, emails, financial records or any other evidence that tends to exculpate Mr. Ortega Bonilla or support the defendant's lack of involvement in any of the accused actions or otherwise indicate that he may not have been a part of the criminal conspiracy. This request extends to all grand jury testimony, sworn statements,

interviews, interview memoranda, or notes prepared by law enforcement and to all statements made by or to any of the various entities during the Government's investigation here or in Colombia.

     5.     In addition, the government must provide to the defense <u>inconsistent statements</u> – both internally and with other witnesses. Although the government has agreed to provide a number of interview reports to the defense, the government cannot shirk its duties under *Brady* by telling the defense to wade through all of the discovery looking for *Brady* material: "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." *Dretke*, 540 U.S. at 678. The government has an affirmative duty to review the discovery and to provide the defense with *Brady* material.

     6.     While there is no hard and fast rule dictating precisely when the Constitution (as opposed to the SDO) will require the government to produce exculpatory and impeaching information, disclosure must be both "complete *and timely*." *United States v. Wilson*, 904 F.2d 656, 659 (11th Cir. 1990) (emphasis added). It will be the rare case indeed where waiting until trial to make the Constitutionally-mandated disclosures will be timely. "It should be obvious to anyone involved with criminal trials that exculpatory information may come too late if it is only given at trial . . . ." *United States v. Campagnuolo*, 592 F.2d 852, 859 (5th Cir. 1979); *see also United States v. Rodriguez*, 496 F.3d 221, 227 (2d Cir. 2007) ("at least in some circumstances, telling the defendant that a witness lied, but leaving it for defense counsel to find out what the lies were by questioning the witness before the jury, might as a practical matter foreclose effective use of the impeaching or exculpatory information"); *United States v. Fernandez*, 136 F.3d 1434 (11th Cir. 1998) (remanding for evidentiary hearing over belated mid-trial disclosures by the media of CIA involvement in drug conspiracy).

7.     Defense counsel asks that the Government not wait until some future date, defined only by its own discretion, to disclose this information as it could very well "suppress" the material for purposes of *Brady* because, by the time of trial, it is too late for the Defendant to make effective use of the information. *See Gil*, 297 F.3d at 105-106 (reversing conviction for *Brady* violation, finding that the government "suppressed" an exculpatory memorandum by not producing it until a few days before trial, because at that point "the defense was not in a position to read it, identify its usefulness, and use it"); *Leka v. Portuondo*, 257 F.3d 89, 100-01 (2nd Cir. 2001) (reversing murder conviction for *Brady* violation, holding that the government "suppressed" the evidence by delaying disclosure until nine days before opening statements, recognizing that "[w]hen such a disclosure is first made on the eve of trial, or when trial is under way, the opportunity to use it may be impaired"); *St. Germain v. United States.*, No. 03 CV 8006 (CM) (S.D.N.Y. May 11,2004), *2004 WL 1171403, at \*\*29-34* (government "suppressed" exculpatory grand jury transcripts by delaying disclosure until the eve of trial). *Cf. Rodriguez*, 496 F.3d at 228-29 (remanding for district court to determine whether withholding the disclosure of impeaching information until trial required a new trial).

## CONCLUSION

For all of the foregoing reasons, Mr. Ortega Bonilla asks the Court to order the Government to immediately provide the defendant with all information required under the SDO and *Brady* within seven (7) days of this motion.

Respectfully submitted,

/s/ Marc David Seitles
_____
Marc David Seitles
Fla. Bar No. 0178284

**The Law Offices of Marc David Seitles, P.A.**
4

The Law Offices of Marc David Seitles, P.A.
Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, FL 33128
Tel: (305) 403-8070
Fax: (305) 403-8210
Email: mseitles@seitleslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2012, undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF which will serve Assistant United States Attorney Andrea Hoffman.

/s/ Marc David Seitles
_____
Marc David Seitles, Esq